**MARLIN & SALTZMAN, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
David C. Leimbach, Esq. (SBN 265409)
29229 Canwood Street, Suite 208
Agoura Hills, California  91301
Telephone:    (818) 991-8080
Facsimile:    (818) 991-8081
mbradley@marlinsaltzman.com
kgrombacher@marlinsaltzman.com
dleimbach@marlinsaltzman.com

Attorneys for Plaintiffs,
DINAH GRIFFIN, GIANCARLO BRESANI, KARA MATHEWS,
ESTER MENDOZA JR., and SHARON CIORLIERI, individually and
on behalf of all other similarly situated individuals

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINAH GRIFFIN, GIANCARLO BRESANI, KARA MATHEWS, ESTER MENDOZA JR., and SHARON CIORLIERI, individually and on behalf of all other similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> PENNYSAVER USA, LLC; PENNYSAVER USA PRINTING, LLC; PENNYSAVER USA PUBLISHING, LLC; OPENGATE CAPITAL LLC; OPENGATE CAPITAL GROUP LLC; OPENGATE CAPITAL MANAGEMENT LLC; REALIZATION SERVICES, INC.; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. <br><br> **CLASS ACTION** <br><br> **COMPLAINT** <br><br> 1) VIOLATION OF FEDERAL WARN ACT (29 U.S.C. §§ 2101 *et seq.*); <br> 2) VIOLATION OF CALIFORNIA WARN ACT (Cal. Lab. Code §§ 1400 *et seq.*); <br> 3) FAILURE TO PAY MINIMUM WAGES (Cal. Lab. Code. § 1197); <br> 4) FAILURE TO PAY COMPENSATION UPON DISCHARGE (Cal. Lab. Code §§ 201-203) ; <br> 5) FAILURE TO PAY VACATION PAY (Cal. Lab. Code. § 227.3); <br> 6) FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (Cal. Lab. Code. § 226); <br> 7) VIOLATION OF Cal. Bus. & Prof. Code § 17200, *et seq.* <br><br> **DEMAND FOR JURY TRIAL** |

/ / /

1

COMES NOW Plaintiffs, DINAH GRIFFIN, GIANCARLO BRESANI, KARA MATHEWS, ESTER MENDOZA JR., and SHARON CIORLIERI (collectively, "Plaintiffs"), individually and on behalf of all other similarly situated individuals, alleges as follows:

## INTRODUCTION

1.     This lawsuit challenges the actions of Defendants PennySaver USA, LLC, PennySaver USA Printing, LLC, PennySaver USA Publishing, LLC, OpenGate Capital LLC, OpenGate Capital Management LLC, OpenGate Capital Group LLC, and Realization Services, Inc. (collectively, "Defendants").

2.     Defendants owned and operated a publication known as PennySaver. On or about May 22, 2015, Defendants closed its operations, and ordered a mass layoff/termination of its more than 100 PennySaver employees.  PennySaver employees were not provided any written notice of the impending closure and terminations. Additionally, PennySaver employees were not paid all wages due and owing at the time of discharge.

3.     Through this action, Plaintiffs and other similarly situated employees of Defendants seek recovery of damages in the amount of 60 days' pay by reason of Defendants' violation of Plaintiffs' rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.,* (the "WARN Act") and the California WARN Act, Cal. Lab. Code § 1400 *et seq.* (the "California WARN Act"). Plaintiffs were employees of Defendants and were terminated as part of, or as a result of, mass layoffs and/or closings ordered by the Defendants.  Defendants violated federal law and state law by failing to give Plaintiffs and other similarly situated employees of the Defendants 60 days notice as required by state and federal law. And as discussed more fully herein, Plaintiffs also seek redress for Defendants' substantial violations of the California Labor Code.

## THE PARTIES

4.     Plaintiff Dinah Griffin was employed by Defendants from on or about

Complaint
Case No. ____

March 23, 1998, to May 22, 2015, as a Sales Representative. Plaintiff Griffin reported to Defendants' locations in Westlake Village and Brea, California.

5.      Plaintiff Giancarlo Bresani was employed by Defendants from on or about December 17, 2000 to May 22, 2015 as a Sales Representative. Plaintiff Bresani reported to Defendants' locations in Westlake Village and Brea, California.

6.      Plaintiff Kara Mathews was employed by Defendants from in or around August of 2000 to May 22, 2015 as a Sales Representative. Plaintiff Mathews reported to Defendants' locations in Westlake Village and Brea, California.

7.      Plaintiff Ester Mendoza Jr. was employed by Defendants from in or around August of 2012 to May 22, 2015 as a Coordination Department Clerk. Plaintiff Mendoza reported to Defendants' locations in Brea, California.

8.      Plaintiff Sharon Ciorlieri was employed by Defendants from in or around 2006 to May 22, 2015 as a Sales Representative. Plaintiff Ciorlieri reported to Defendants' locations in Mira Loma and Brea, California.

9.      Defendants PennySaver USA, LLC, PennySaver USA Printing, LLC, and PennySaver USA Publishing, LLC (collectively, the "PennySaver Defendants") are limited liability companies existing under the laws of the State of Delaware, and are authorized to do business and doing business in the State of California. PennySaver Defendants publish the PennySaver publication, providing advertising services to advertisers and consumers throughout California.

10.     Defendant OpenGate Capital LLC, is a California Limited Liability Company located at 10250 Constellation Blvd., Los Angeles, California 90067. Defendants OpenGate Capital Group LLC and OpenGate Capital Management LLC are Delaware limited liability companies (OpenGate Capital LLC, OpenGate Capital Group LLC and OpenGate Capital Management LLC are collectively referred to as the "OpenGate Defendants"). OpenGate Defendants acquired PennySaver Defendants in or around 2013. At all relevant times discussed herein, OpenGate Defendants owned, operated and controlled PennySaver Defendants, including but not limited to making decisions

Complaint
Case No. ____

1       regarding securing credit, buying and selling assets, and hiring and firing employees.

2           11.    Defendant Realization Services, Inc., is a strategic consulting firm

3 specializing in "turnaround management and value enhancements of distressed

4 companies" to assess and make recommendations for the Pennysaver and OpenGate

5           12.    Defendants Realization Services, Inc. is a corporation existing under the laws

6 of the State of New York. PennySaver and OpenGate Defendants retained Realization

7 Services, Inc. to provide advice to Defendants regarding reorganizing and restructuring.

8           13.    Plaintiffs are unaware of the true names and capacities, whether individual,

9 corporate or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, but is

10 informed and believes, and thereon alleges, that they are in some manner, individually or

11 collectively, responsible for the events, happenings and damages alleged herein, and

12 accordingly sue said Defendants under fictitious names. Plaintiffs will seek leave to

13 amend this Complaint when the true names and capacities have been ascertained.

14           14.    Plaintiff is informed and believes, and thereon alleges, that at all times

15 mentioned herein each and every defendant, whether actually or fictitiously named herein,

16 was the principal, agent, servant, employee, and/or representative of each other defendant,

17 and in doing the acts alleged herein, was acting within the scope and course of their

18 respective service, employment, agency, and/or representation and with the permission

19 and consent of each other defendant. To the extent said acts, conduct, and omissions were

20 perpetrated by certain Defendants, each of the remaining Defendants confirmed and

21 ratified said acts, conduct, and omissions of the acting Defendants. Plaintiffs are further

22 informed, believe, and thereon allege that Defendants acted as a "single employer" at all

23 relevant times alleged herein.

24                            **JURISDICTION AND VENUE**

25           15.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as

26 this case is being brought under the WARN Act, 29 U.S.C. § 2102, *et seq.*

27           16.    This Court has original jurisdiction over Plaintiffs' state law claims under 29

28 U.S.C. § 1332(d) (the "Class Action Fairness Act"). Plaintiffs bring this case as a class

Complaint

Case No. _____

1  action, at least one Plaintiff is a citizen of a different state than at least one Defendant, and

2  the amount in controversy exceeds $5,000,000.

3       17.    This Court also has supplemental jurisdiction over the state law claims

4  pursuant to 28 U.S.C. § 1367.

5       18.    Venue is proper in the United States District Court for the Central District of

6  California pursuant to 28 U.S.C. § 1391, because a substantial part of the events and

7  omissions giving rise to Plaintiffs' claims occurred in this District.

8       **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9       19.    On May 22, 2015, Plaintiffs and putative class members were informed that

10  PennySaver was closing its business operations, and that their employment was being

11  terminated, effectively immediately.

12       20.    Plaintiffs and putative class members were not provided any notice that

13  PennySaver was ceasing its operations, or that their employment was being terminated.

14       21.    On or about May 26, 2015, Defendants purported mailed, via "Certified U.S.

15  Mail" a correspondence which Defendants asserted was "issued pursuant to federal and

16  California laws commonly known as the 'WARN Act'."  A number of employees were

17  personally given these letters at a meeting held by Defendants on the same day.

18       22.    Additionally, on or about May 26, 2015, a number of PennySaver employees

19  were  given paychecks purporting to provide pay for a period beginning on May 14, 2015

20  and ending on May 22, 2015.  These paychecks did not provide payment for any accrued

21  but unused vacation pay and, to the extent commissions were earned by the employees,

22  the checks did not include pay for all commission so earned.  Additionally, and perhaps

23  most importantly, the checks were drawn on an account containing insufficient to permit

24  Plaintiff and the putative class members to draw funds from such checks.

25       23.    Thus, no PennySaver employees were not given final paychecks hours for

26  already worked, were not compensated for accrued and unused vacation time, and we not

27  otherwise compensated in any manner upon their termination.

28  / / /

Complaint
Case No. ____

## CLASS ACTION ALLEGATIONS

24.    Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P 23 on behalf of the following defined class:

All individuals employed by PennySaver Defendants in California, and who were subject to a mass layoff and/or termination ordered by Defendants on or after May 22, 2015.

25.    Plaintiffs further bring this action on behalf of a subclass (hereafter referred to as the "Wage Statement Sub-Class") defined as:

All individuals employed by PennySaver Defendants in California, and who received a wage statement with a pay date of May 26, 2015.

26.    **Numerosity:** The Proposed Class is so numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe that over one hundred (100) people satisfy the definition of the Proposed Class.  The identities of these individuals are readily ascertainable by review of Defendants' records.

27.    **Typicality:** Plaintiffs' claims are typical of the members of the Proposed Class.  Plaintiffs satisfy the proposed class definition. Plaintiffs and proposed class members were involuntarily terminated by Defendants without proper notice under the WARN Act. Plaintiffs and proposed class members were not paid all wages due and owing at the time of discharge.

28.    **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of the controversy, especially in the context of WARN Act litigation, which necessarily involves a single decision or set of decisions that affects the rights of hundreds of employees.

29.    **Adequacy:** Plaintiffs will fairly and adequately protect the interests of the Proposed Class, and have retained counsel experienced in representing employees in complex class litigation.

30.    **Commonality:** Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual

Complaint
Case No. _____

members of the Proposed Class, including but not limited to:

a.     whether Defendants were covered employers under the WARN Act and/or the California WARN Act;

b.     whether all Class members were protected under the WARN Act and/or the California WARN Act;

c.     whether all Class members' employment locations were covered facilities under the WARN Act and/or the California WARN Act;

d.     whether Defendants acted as a single employer in terminating Class Members' employment;

e.     whether Defendants have at least 60 days advance written notice to the Class members, as required by the WARN Act and/or the California WARN Act; and

f.     whether Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty day period following their respective terminations;

31.     Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
### FOR VIOLATIONS OF THE FEDERAL
### WARN ACT (29 U.S.C. §§ 2101 et seq.)

32.     Plaintiffs reallege and incorporate by reference the preceding paragraphs of this Complaint as though set fully forth herein.

33.     At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime in the State of California.

34.     At all relevant times, Defendants were "employers" as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until determining to order a mass layoff and/or plant closing at the facilities.

35.     Defendants constituted a "single employer" of Plaintiffs and proposed Class Members.

Complaint
Case No. _____

36.     On or about May 22, 2015, Defendants ordered a "mass layoff" and/or closing of the facilities, as that term is defined in 29 U.S.C. § 2101(a)(2).

37.     The mass layoff resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(1) for at least fifty (50) of Defendants' employees as well as 33% of Defendants' workforce at each of the facilities, excluding part-time employees as that term is defined by 29 U.S.C. § 2101(a)(8).

38.     Plaintiffs and each of the other members of the Class were discharged by Defendants without cause on their part, as part of or as the reasonable foreseeable result of the mass layoff and/or plant closing ordered by Defendants.

39.     Plaintiffs and other Class Members are "affected employees" of Defendants within the meaning of 29 U.S.C. § 2101(a)(5).

40.     Defendants failed to give Plaintiffs and Class Members written notice that complied with the requirements of the WARN Act.

41.     Plaintiffs and each of the other members of the Class are "aggrieved employees" of Defendants as that term is defined in 29 U.S.C. § 2101(a)(7).

42.     Defendants failed to pay Plaintiffs and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation pay for 60 days following notice of their terminations and failed to make 401(k) contributions and provide employee benefits under ERISA for 60 days following notice of their respective terminations.  Defendants are also liable to Plaintiffs for their reasonable attorney fees under 29 U.S.C. § 2104.

## SECOND CAUSE OF ACTION

## FOR VIOLATIONS OF THE CALIFORNIA WARN ACT

### (Cal. Lab. Code §§ 1400 et seq.)

43.     Plaintiffs reallege and incorporate by reference the preceding paragraphs of this Complaint as though set fully forth herein.

44.     In the twelve months proceeding May 22, 2015, Defendants operated facilities in California in which they employed 75 persons or more.

Complaint
Case No. _____

45.     Defendants are employers as defined by California Labor Code § 1400(b).

46.     Defendants' facilities are "covered establishments" under California Labor Code § 1400(a).

47.     Plaintiffs and Class Members were employees as defined by California Labor Code § 1400(h).

48.     As set forth above, on May 22, 2015, Plaintiffs and Class Members were notified that their employment was being terminated, effective immediately.

49.     Prior to this May 22, 2015 mass layoff date, Defendants failed to provide any written notice to Plaintiffs or Class Members of the impending mass layoff/termination.

50.     There were no exigent or unforeseeable circumstances that excused Defendants from providing Plaintiffs and Class Members the required sixty-day notice.

51.     Defendants are therefore liable to Plaintiffs and Class Members for back pay and benefits for 60 days, as outlined in California Labor Code § 1402, civil penalties under California Labor Code § 1403, and attorneys fees under California Labor Code § 1404.

## THIRD CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGE
### (Cal. Lab. Code § 1197)

52.     Plaintiffs reallege and incorporate by reference the preceding paragraphs of this Complaint as though set fully forth herein.

53.     Labor Code section 1197 provides that "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

54.     Defendants refused to tender Plaintiffs and Class Members all wages due and owing for the pay period immediately preceding their termination.  Plaintiffs and Class Members therefore did not receive minimum wage for all hours worked required by California Labor Code section 1197.

55.     As a direct and proximate result of defendants' conduct in violation of Labor

Complaint
Case No. _____

Code section 1197, the above-described employees of Defendants have suffered, and continue to suffer, losses related to the use and enjoyment of wages and lost interest on such wages all to their damage in amounts according to proof at trial. Plaintiffs and Class Members are also entitled to recover liquated damages pursuant to Labor Code §1194.2, and civil penalties pursuant to Labor Code section 1197.1.

**FOURTH CAUSE OF ACTION**

**FOR FAILURE TO PAY ALL WAGES DUE AT TERMINATION**

**(Labor Code §§ 201-203)**

56.     Plaintiffs reallege and incorporate by reference the preceding paragraphs of this Complaint as though set fully forth herein.

57.     Labor Code § 200(a) defines "wages" as "includ[ing] all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

58.     Labor Code § 201(a) provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

59.     At the time of discharge, Defendants willfully failed to pay Plaintiffs and Class Members all wages due and owing at the time of termination.  In addition to wages due and owing for the pay period preceding their employees' termination, Defendants failed to pay Plaintiffs Class Members wages due and owing pursuant to federal and California WARN statutes.

60.     In light of Defendants' willful failure to pay all amounts of wages due and owing at the time of discharge, Plaintiff and the members of the California Subclass were deprived of the prompt payment of all wages.  Defendants then became liable to Plaintiff and the California Subclass members, under Labor Code § 203, for the amount of the unpaid wages, as well as the penalty set forth therein of a day's wages for up to a maximum of 30 days.

61.     Defendants, as of the filing of this complaint, have failed and continue to fail to pay the unpaid wages that were due and owing at the time that Plaintiffs and

Complaint

Case No. _____

Class Members were discharged. Plaintiffs and Class Members are entitled to recover the amount of the unpaid wages and the penalty of 30 additional days' wages, as set forth at Labor Code § 203.

## FIFTH CAUSE OF ACTION
## FOR FAILURE TO PAY VACATION PAY
### (Labor Code §§ 227.3)

62.    Plaintiffs reallege and incorporate by reference the preceding paragraphs of this Complaint as though set fully forth herein.

63.    Cal. Labor Code § 227.3 requires that employers who provide employees with vacation time must pay employees for all unused vacation at the time of termination of employment.

64.    Defendant violated Cal. Lab. Code § 227.3 by failing to pay Plaintiffs and Class Members the vacation time (including sabbatical time) due and owing to them at the time of the termination of their employment.

65.    As a result of Defendants' violation of law, Plaintiffs and Class Members have suffered damages, including loss of earnings for unpaid vacation time in an amount to be established at trial, and award of attorneys' fees pursuant to Code of Civil Procedure Section 1021.5 and other applicable law, and costs.

## SIXTH CAUSE OF ACTION
## FAILURE TO PROVIDE AN ACCURATE ITEMIZED STATEMENT
### (Labor Code §§ 226 AND 226.3)

66.    Plaintiffs reallege and incorporate by reference the preceding paragraphs of this Complaint as though set fully forth herein.

67.    Labor Code section 226 requires defendants to provide employees an accurate itemized statement showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece units and rates if applicable, (4) all deductions, (5) net wages earned, (6) the inclusive date of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of

Complaint
Case No. ____

the legal entity that is the employer, and (9) all applicable hourly rates in effect and the corresponding number of hours worked.

68.    California Labor Code section 226(e)(2)(B) provides that an employee is deemed to suffer injury under section 226(a) if the employer fails to provide accurate and complete information and the employee cannot promptly and easily determine from the wage statement alone the total hours worked and/or the applicable hourly rates.  Under the statute, "promptly and easily" means that a reasonable person must be able to readily ascertain the information in the wage statement without reference to other documents or information.

69.    Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, without limitation, failing to list total hours worked by employees, failing to list net wages earned,  and/or failing to list all applicable hourly rates in effect during the pay period, the corresponding number of hours worked at each hourly rate and the name and address of the entity that is the employer.

70.    Labor Code section 226.3 provides that any employer who violates subdivision (a) of Section 226 or who fails to keep the records required in subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of $250 per employee per violation.

71.    Pursuant to Labor Code §226.3, Plaintiffs and Class Members are entitled to recover from Defendants, and each of them, penalties as may be established according to proof at trial.

## SEVENTH CAUSE OF ACTION
### FOR UNFAIR BUSINESS PRACTICES
#### (Bus. & Prof. Code §§ 17200 et seq.)

72.    Plaintiffs reallege and incorporate by reference the preceding paragraphs of this Complaint as though set fully forth herein.

73.    Bus. & Prof. Code § 17200 states: "unfair competition shall mean and

12

include any unlawful, unfair or fraudulent business act or practice."

74.     By violating federal and California labor laws, including, but not limited to, the statutes and regulations set forth in this Complaint, and incorporated by reference hereto, and unfairly failing to give adequate and timely notice of impending layoffs and then paying terminated employees at a reduced rate during the last 60 days of their employment, preventing employees from engaging in their usual and customary occupational duties, and failing to pay all wages due at the time of termination, Defendants' acts constitute unfair and unlawful business practices under Bus. & Prof. Code §§ 17200, *et seq*.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs prays for judgment for herself and all others on whose behalf this suit is brought, against Defendants, and each of them jointly and severally, as follows:

1.     For an Order certifying the proposed Class;

2.     For an Order appointing Plaintiffs as the representatives of the Class

3.     For an Order appointing counsel for Plaintiffs as Class Counsel;

4.     For compensatory damages in an amount to be determined at trial;

5.     For civil penalties in an amount to be determined at trial;

6.     For reasonable attorneys' fees;

7.     For costs and expenses incurred herein; and

8.     For such other and further relief as the Court may deem just and proper.

DATED:  May 29, 2015                MARLIN & SALTZMAN, LLP


                                    By:   /s/   Kiley Lynn Grombacher
                                          Marcus J. Bradley, Esq.
                                          Kiley Lynn Grombacher, Esq.
                                          David C. Leimbach, Esq.
                                          Attorneys for Plaintiffs

Complaint
Case No. ____

## <u>JURY DEMAND</u>

Plaintiffs demand a trial by jury on all issues so triable as a matter of right.

DATED:  May 29, 2015                         MARLIN & SALTZMAN, LLP


By:   /s/   Kiley Lynn Grombacher
      Marcus J. Bradley, Esq.
      Kiley Lynn Grombacher, Esq.
      David C. Leimbach, Esq.
      Attorneys for Plaintiffs

14

Complaint
Case No. _____